UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 20-62643-CIV-SINGHAL

CERTAIN UNDERWRITERS AT LLOYD'S OF
LONDON SUBSCRIBING TO POLICY NO.
B0901LH1620115000,

    Plaintiff,

v.

EMPRESS MARINE VENTURES, LTD.,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on Plaintiff's Motion for Reconsideration, to Alter or Amend Final Judgment, or for Relief from Final Judgment and Memorandum of Law (DE [137]).  Defendant filed its opposition (DE [141]) and Plaintiff filed a subsequent reply (DE [142]).  Accordingly, the matter is fully briefed and ripe for review.

**I.**    **BACKGROUND FACTS**[1]

Plaintiff Certain Underwriters at Lloyd's of London Subscribing to Policy No. B0901LH1620115000 ("Plaintiff") commenced this action as an admiralty and maritime cause within the meaning of Federal Rules of Civil Procedure 9(h), 38(e), and 82 against Defendant Empress Marine Ventures, Ltd. ("Defendant" or "Empress Marine").  Plaintiff issued a Hull and Machinery Policy to Defendant, policy no. B0901LH1620115000 (the "Policy"), with effective dates of July 31, 2016 to July 31, 2017 to insure the Vessel.  (Am.

---

[1] There is no need to rework the facts and background, this Court adopts and incorporates the background facts of its Omnibus Order (DE [124]) by reference herein.

Compl. (DE [10]) ¶ 10); *see also* (Am. Compl. (DE [10-1]) Ex. A).  Plaintiff contends the Policy does not cover Defendant's losses.  Defendant, on the other hand, contends the $9.5 million in coverage provided under the policy is owed in its entirety.

## II.     PROCEDURAL HISTORY

On December 22, 2020, Plaintiff filed a Complaint for Declaratory Relief ("Complaint") (DE [1]) against Defendant seeking a determination that an express warranty of the Policy was violated due to Captain Sackmann's failure to observe laws and regulations related to navigation within a marked channel, and as to Underwriters' determination that the reasonable cost of repairs to the Vessel did not exceed $4.15 million.  On March 12, 2021, in response to the Complaint (DE [1]), Empress Marine filed its Motion to Dismiss & Counterclaim (DE [9]).

On March 19, 2021, Plaintiff filed its Amended Complaint for Declaratory Relief ("Amended Complaint") (DE [10]) pursuant to 28 U.S.C. § 2201, in connection with a dispute over insurance coverage related to repairs to the M/Y "Never Say Never" (the "Vessel"), a 2011 130' Sunseeker Predator motor yacht, hull identification no. GB-XSK05273E111, registered in the Cayman Islands under official no. 743599 and owned by Empress Marine.  (Am. Compl. (DE [10]) ¶ 11).  Plaintiff asserts a claim for Breach of Express Warranty (Count I) and Declaratory Judgment (Count II).  On April 2, 2021, Empress Marine filed its Answer & Counterclaim (DE [14]).  Empress Marine asserts a claim for Breach of Covenant of Good Faith and Fair Dealing (Count I) and Declaratory Judgment pursuant to 28 U.S.C. § 2201 (Count II) against Plaintiff (the "Counterclaim").

On February 28, 2023, this Court granted in part and denied in part Plaintiff's Motion to Dismiss Counterclaim of Empress Marine Ventures Ltd. and Motion to Strike

Jury Trial Demand (DE [15]).  *See* (Order (DE [46]) entered Feb. 28, 2022).  The remaining claims before this Court are Plaintiff's Count I for breach of express warranty, Count II for declaratory judgment and Empress Marine's counterclaim for breach of covenant of good faith and fair dealing.  Plaintiff raises the affirmative defense of waiver and estoppel, while Empress Marine asserts waiver, estoppel, failure to state a claim, and lack of causation as affirmative defenses.

On January 11, 2023, this Court entered an Omnibus Order (DE [124]) on the parties' competing motions for summary judgment.  Plaintiff's Amended Motion for Summary Judgment and Memorandum of Law in Support of Summary Judgment (DE [75]) was denied.  Defendant's Motion for Summary Judgment (DE [76]) was granted.  And Final Judgment (DE [131]) was entered in favor of Defendant on February 13, 2023. In the instant motion (DE [137]), Plaintiff requests reconsideration of this Court's Omnibus Order (DE [124]).  The request is denied as follows.

### III.    LEGAL STANDARD

A motion for reconsideration is not a form of relief explicitly conferred by the Federal Rules of Civil Procedure.  Although not specifically mentioned in the rules, motions seeking to have the court "reconsider" an earlier ruling are usually governed by Rule 59.  Federal Rule of Civil Procedure 59(e) authorizes a motion to alter or amend a judgment after its entry.  *See* Fed. R. Civ. P. 59(e).  Reconsideration is only proper if the movant has demonstrated that: (1) there has been an intervening change in the law, (2) new evidence has been discovered that was not previously available to the parties at the time the original order was entered or (3) reconsideration is necessary to correct a clear error of law or prevent manifest injustice.  *See Instituto de Prevision Militar v. Lehman*

3

*Bros., Inc.*, 485 F. Supp. 2d 1340, 1342 (S.D. Fla. 2007) (citing *Cover v. Wal-Mart Stores, Inc.*, 148 F.R.D. 294, 295 (M.D. Fla. 1993)). Reconsideration of a prior order is an extraordinary remedy and should be employed sparingly. *See e.g.*, *Hayden v. Urvan*, 2022 WL 18956204, *3 (S.D. Fla. Dec. 13, 2022) (citations omitted); *Am. Ass'n of People with Disabs. v. Hood*, 278 F. Supp. 2d 1337, 1339–40 (M.D. Fla. 2003). The decision whether to alter or amend a judgment pursuant to Rule 59(e) is "committed to the sound discretion of the district judge." *Mincey v. Head*, 206 F.3d 1106, 1137 (11th Cir. 2000) (citation omitted). "[A] motion for reconsideration does not provide an opportunity to simply reargue an issue the Court has once determined. Court opinions 'are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure.'" Hood, 278 F. Supp. 2d at 1340 (citation omitted). According to the explicit language of the Rule itself, a motion brought pursuant to Rule 59(e) "must be filed no later than 28 days after entry of the judgment." Fed. R. Civ. P. 59(e).

Reconsideration motions can also be governed by Rule 60, the rule governing relief from judgments and orders. *See* Fed. R. Civ. P. 60(b) ("On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding . . . ."). The Eleventh Circuit has previously distinguished Rule 59(e) motions from Rule 60(b) motions. *See Finch v. City of Vernon*, 845 F.2d 256, 258 (11th Cir. 1988) (drawing "a substantive/collateral distinction"). The determining factor in which rule will govern is the timing of the filing of the motion. Rule 60(b) empowers the district courts "'to vacate judgments whenever such action is appropriate to accomplish justice.'" *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984) (quoting *Klapprott v. United States*, 335 U.S. 601, 615, 69 S. Ct. 384, 93 L. Ed.

4

266 (1949)).  To obtain relief under Rule 60(b)(1), "a litigant must show that the judgment came about through mistake, inadvertence, surprise or excusable neglect."  *J.D. Pharm. Distribs., Inc. v. Save-On Drugs & Cosmetics Corp.*, 893 F.2d 1201, 1209 (11th Cir. 1990).

## IV.   DISCUSSION

In the instant motion (DE [137]), Plaintiff requests the Court reconsider its Omnibus Order (DE [124]) arguing that this Court erred in granted Defendant's motion for summary judgment when, under New York law, summary judgment should generally be denied where a court determines that the contractual language at-issue is ambiguous.  This argument is unavailing, however, because this Court actually found that the portion of the Policy at issue is **not ambiguous**, and that any reasonable interpretation of the clause would result in coverage which includes Defendant's actual repair costs.  In other words, the plain and simple language of the insurance policy dictates the only just outcome. (Omn. Order (DE [124]) at 8–9).

Plaintiff argues Empress Marine breached the Policy's express warranties, thereby voiding the Policy, and precluding a finding of liability against Underwriters as a matter of law.  This argument was raised by Plaintiff in its motion for summary judgment and previously considered by this Court in its ruling.  A motion for reconsideration cannot be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment."  *Michael Linet, Inc. v. Village of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005).  Furthermore, "[i]t is an improper use of the motion to reconsider to ask the Court to rethink what the Court already thought through – rightly or wrongly.'"  *Z.K. Marine, Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)).

Next, Plaintiff argues even if Empress Marine could establish Underwriters' liability under the Policy, its breach of contract action and the Final Judgment is inherently flawed because Empress Marine has not introduced sufficiently reliable evidence to establish damages.  The Court held that the exact amount of Defendant's damages is $9,764,746.01.  (FJ (DE [131]) ¶ 4).  Empress Marine's damages consist entirely of ***actual amounts it has already paid out of its own pocket to repair the Vessel***.  (Omn. Order (DE [124]) at 12) (emphasis in original).  "A motion for reconsideration is 'committed to the sound discretion of the district judge.'"  *Garcon v. United Mut. of Omaha Ins. Co.*, 779 Fed. Appx. 595, 600 (11th Cir. 2019) (citations omitted).  Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion for Reconsideration, to Alter or Amend Final Judgment, or for Relief from Final Judgment and Memorandum of Law (DE [137]) is **DENIED**.  Defendant may file renewed motions for attorneys' fees and costs **within fourteen (14) days of this Order**.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 30th day of June 2023.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished to counsel of record via CM/ECF