**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**IN ADMIRALTY**

CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON SUBSCRIBING TO POLICY NO. B0901LH1620115000,

Case No. **20-cv-62643-AHS**

Plaintiff,

vs.

EMPRESS MARINE VENTURES LTD.

Defendant.
_______________________________________ /

**PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff Certain Underwriters at Lloyd's of London ("Plaintiff" or "Underwriters"), through undersigned counsel, pursuant to the Court's August 18, 2026 Trial Order [D.E. 162], Fed. R. Civ. P. 15(a)(2) and S.D. Fla. Local Rule 15.1, moves for leave to file the proposed Second Amended Complaint attached as **Exhibit A**, and states:

1. Underwriters insured M/Y *Never Say Never* under a Hull and Machinery Policy effective July 31, 2016 through July 31, 2017. Am. Compl. at ¶¶ 10–12 [D.E. 10]. The Policy limited navigation to specified waters of the United States, the Bahamas, the Turks and Caicos Islands, and portions of the Mediterranean Sea. The Policy did not include the Dominican Republic and required the Vessel to be shipped as cargo between the listed limits. Policy at 3 [D.E. 10–1].

2. Count I of the Amended Complaint alleged breach of a separate compliance warranty based on Captain Dusty Sackmann's alleged COLREGS violations. Am. Compl. at ¶¶

59–69 [D.E. 10]. Count II concerned the amount payable for repairs. *Id*. at ¶¶ 70–80. On summary judgment, Underwriters also relied on the navigation limit warranty because the Vessel sailed from Fort Lauderdale to the Dominican Republic and grounded there on December 28, 2016, before any written endorsement expanded the limits.

3. The Eleventh Circuit held that the navigation limit theory was a separate "new claim" that could not first be asserted at summary judgment and explained that the proper procedure was amendment under Rule 15(a). *Certain Underwriters at Lloyd's of London v. Empress Marine Ventures, Ltd.*, No. 23-12567, 2025 U.S. App. LEXIS 16404 (11th Cir. July 3, 2025) (unpublished). The Court affirmed judgment on the pleaded coverage count without deciding the navigation limit claim's merits, vacated the repair cost judgment, and remanded for further proceedings. *Id*. at 15, 19–20.

4. Rule 15(a)(2) directs courts to "freely give leave when justice so requires." Leave should be granted absent undue delay, bad faith, repeated failure to cure, undue prejudice, or futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Bryant v. Dupree*, 252 F.3d 1161, 1163–64 (11th Cir. 2001).

5. Here, this Motion is timely and consistent with the mandate. The Court's post-remand Trial Order established September 1, 2026 as the operative amendment deadline, November 3, 2026 as the dispositive motion deadline, and February 8, 2027 as the beginning of the bench trial calendar. Order Setting Trial and Pre-Trial Schedule at 2 [D.E. 162] ("Trial Order"). The mandate rule bars reconsideration only of matters decided expressly or by necessary implication. *Transamerica Leasing, Inc. v. Institute of London Underwriters*, 430 F.3d 1326, 1331–32 (11th Cir. 2005) ("The mandate rule is nothing more than a specific application of the 'law of the case' doctrine. This rule dictates that a trial court, upon receiving the mandate of an

appellate court, may not alter, amend, or examine the mandate, or give any further relief or review, but must enter an order in strict compliance with the mandate. Although the trial court is free to address, as a matter of first impression, those issues not disposed of on appeal, it is bound to follow the appellate court's holdings, both expressed and implied." (internal citations omitted)). Here, the Eleventh Circuit did not adjudicate whether Empress Marine breached a navigation limit warranty; instead, it decided that the prior pleading did not contain that warranty claim at all.

6. The proposed pleading follows Rule 15(a), does not revive the COLREGS theory affirmed by the Eleventh Circuit, and presents the distinct navigation limit claim for decision on its merits.

7. The amendment will not cause undue prejudice. It concerns the same Policy, Vessel, voyage, grounding, and December 2016 communications already addressed by the parties. It adds no party, incident, or damages theory. And the core evidence is already in the record.

8. The amendment is also not futile. The proposed complaint alleges that the Policy expressly confined navigation to listed waters; the Dominican Republic fell outside those limits; the Vessel sailed there rather than being shipped as cargo; and the loss occurred before any written endorsement issued. Proposed Second Am. Compl. at ¶¶ 19–29 [**Ex. A**]. Federal maritime law strictly enforces express navigation warranties. *Commercial Union Insurance Co. v. Flagship Marine Services, Inc.*, 190 F.3d 26, 31–32 (2d Cir. 1999); *see also GEICO Marine Insurance Co. v. Shackleford*, 945 F.3d 1135, 1142–44 (11th Cir. 2019). Whether the December 2016 communications amended or waived the warranty presents a merits question on the developed record. As such, there is no basis to deny amendment as futile.

## CERTIFICATE OF CONFERRAL

Pursuant to S.D. Fla. L.R. 7.1(a)(3), undersigned counsel certifies that on August 31, 2026 and September 1, 2016, counsel for Underwriters conferred with counsel for Empress Marine in a good faith effort to resolve the issues raised in this Motion. The parties were unable to resolve those issues, and Empress Marine opposes the relief requested.

WHEREFORE, Underwriters respectfully requests that the Court grant leave to file the proposed Second Amended Complaint attached as **Exhibit A** and grant such further relief as the Court deems appropriate.

Dated: September 1, 2026.

Respectfully submitted,

**BROWN SIMS**
2801 Southwest 149th Avenue
Suite 120
Miramar, Florida 33027
Tel: 305-274-5507
Fax: 305-274-5517
*Counsel for Plaintiff Underwriters*

By: */s/ Marlin K. Green*
MARLIN K. GREEN
Florida Bar No. 419532
mgreen@brownsims.com
CODY L. FRANK
Florida Bar No. 124100
cfrank@brownsims.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 1, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. Copies of this document will be automatically served on all counsel of record through the Court's CM/ECF system.

By: */s/ Marlin K. Green*
MARLIN K. GREEN

**SERVICE LIST**

**MOORE & COMPANY, P.A.**
*Attorneys for Empress Marine*
255 Aragon Avenue, 3rd Floor
Coral Gables, FL 33134
Telephone: (786) 221-0600
Facsimile: (786) 221-0601
Michael T. Moore, Esq.
Email: michael@moore-and-co.com