**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**IN ADMIRALTY**

**Case No. 20-cv-62643-AHS**

CERTAIN UNDERWRITERS AT
LLOYD'S OF LONDON
SUBSCRIBING TO POLICY
NO. B0901LH1620115000,

Plaintiff,

vs.

EMPRESS MARINE VENTURES LTD.

Defendant.

_____________________________________/

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

Defendant Empress Marine Ventures, Ltd. ("Defendant"), by and through its undersigned counsel, hereby files this Response in Opposition to Plaintiff Certain Underwriters at Lloyd's of London's ("Plaintiff") Motion for Leave to File Second Amended Complaint and Incorporated Memorandum of Law ("Motion") [DE 163], and states as follows:

## INTRODUCTION

Plaintiff seeks leave to file a Second Amended Complaint adding new declaratory and breach-of-warranty claims based upon the Policy's navigation-limit warranty and reasserting a declaratory claim concerning repair costs. [DE 163; DE 163-1]. In doing so, Plaintiff seeks to substantially expand this nearly six-year-old litigation at a stage when the case has already proceeded through discovery, dispositive motions, Final Judgment, reconsideration, appeal, remand, and multiple mediations.

The Court should deny the Motion because Plaintiff has not demonstrated diligence in seeking amendment, the proposed claims are futile, Plaintiff's request is unduly delayed, amendment would unduly prejudice Defendant, and the circumstances demonstrate dilatory motive. Allowing amendment now would materially expand the scope of the proceedings following remand, require Defendant to litigate newly pleaded coverage theories after years of discovery and dispositive proceedings, increase the cost and complexity of this action, and delay resolution of the remaining issues. Moreover, the proposed claims seek relief inconsistent with coverage determinations already made in this action and remain subject to dismissal or summary judgment. For these independent reasons, Plaintiff's Motion for Leave to File Second Amended Complaint should be denied.

**BACKGROUND**

In December 2020, Plaintiff commenced this action by filing a two-count declaratory-judgment Complaint concerning insurance coverage and the amount payable for repairs to Defendant's Vessel. [DE 1]. Plaintiff thereafter filed an Amended Complaint asserting a coverage declaratory-judgment claim based upon an alleged breach of the Policy's compliance warranty and a separate declaratory-judgment claim concerning the amount of recoverable repair costs under the Policy. [DE 10]. Defendant asserted a counterclaim for breach of the covenant of good faith and fair dealing. [DE 9].

The parties proceeded through discovery and filed cross-motions for summary judgment concerning Plaintiff's declaratory-judgment claims. [DE 31; DE 75; DE 76]. In its August 23, 2022, Amended Motion for Summary Judgment, Plaintiff asserted that Defendant breached a different provision of the Policy, referring to the navigation-limit warranty, by navigating the

Vessel outside the Policy's stated navigational limits without first obtaining formal approval from Plaintiff. [DE 75].

The District Court denied Plaintiff's motion and granted Defendant's motion for summary judgment, finding, among other things, that Plaintiff had "expanded the coverage to include the Caribbean." [DE 124]. The District Court subsequently entered Final Judgment in Defendant's favor on Plaintiff's declaratory-judgment claims. [DE 131]. Plaintiff moved for reconsideration of the Court's rulings, including its coverage determinations, and the District Court denied that motion. [DE 137; DE 144]. Plaintiff thereafter appealed the District Court's judgment to the Eleventh Circuit. [DE 148].

On July 3, 2025, the Eleventh Circuit held that Plaintiff "did not raise a claim based on the navigation-limit warranty until it filed its amended motion for summary judgment" and explained that a new claim should have been asserted by seeking leave to amend the complaint. [DE 155]. The Eleventh Circuit affirmed summary judgment for Defendant on Plaintiff's coverage declaratory-judgment claim, vacated the judgment concerning total repair costs, and remanded the issue for reasonable repair costs to the District Court for further proceedings. [DE 155].

Following remand, the Court entered a Trial Order establishing September 1, 2026 as the deadline to amend pleadings, November 3, 2026 as the dispositive-motion deadline, and February 8, 2027 as the beginning of the trial calendar. [DE 162]. On September 1, 2026, Plaintiff filed the present Motion for Leave to File a Second Amended Complaint. [DE 163].

Plaintiff's proposed Second Amended Complaint asserts three counts, including declaratory and breach-of-warranty claims based upon the Policy's navigation-limit warranty and a declaratory-judgment claim concerning repair costs. [DE 163-1]. The proposed pleading alleges that the Vessel departed Florida for the Dominican Republic in December 2016, that

communications occurred concerning the expansion of the Policy's navigation limits to Caribbean waters, and that the Vessel thereafter sustained damage in the Grounding, Marina, and Towage Incidents. [DE 163-1]. The proposed pleading further alleges that the December 2016 communications did not amend, waive, or supersede the Policy's navigation-limit warranty and seeks corresponding declarations concerning coverage for the three incidents. [DE 163-1].

## ARGUMENT

After the period for amendment as a matter of course has expired, a party may amend its pleading only with the opposing party's written consent or the Court's leave. FED. R. CIV. P. 15(A)(2). Although FED. R. CIV. P. 15(a) provides that courts "should freely give leave when justice so requires," leave to amend is not automatic. District courts retain "extensive discretion" in determining whether amendment should be permitted. *Hargett v. Valley Fed. Sav. Bank*, 60 F.3d 754, 761 (11th Cir. 1995).

The Supreme Court has identified several grounds that justify denial of leave, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Eleventh Circuit applies these same considerations in determining whether leave should be granted. *Spanish Broad. Sys. of Fla. v. Clear Channel Commc'ns, Inc.*, 376 F.3d 1065, 1077 (11th Cir. 2004) (quoting *Foman*, 371 U.S. at 182).

Accordingly, notwithstanding Rule 15's liberal amendment policy, leave may properly be denied upon any apparent reason recognized in *Foman*. As demonstrated below, several are present here: lack of diligence, futility, undue delay, undue prejudice, and dilatory motive.

**A. Plaintiff Has Not Shown Good Cause**

Plaintiff cannot establish good cause because the proposed amendment is not based on anything newly discovered, but rather Plaintiff has possessed and attempted to litigate the precise navigation-limit theory it now seeks to plead since at least August 2022 yet waited until the final day of the post-remand amendment period to seek leave.

Good cause turns principally on whether the movant diligently attempted to comply with the scheduling order. *Sosa v. Airprint Sys.,* 133 F.3d 1417 (11th Cir. 1998) (discussing that the 'good cause' standard from Fed. R. Civ. P. 16(b) should be considered when evaluating an amendment per FED. R. CIV. P. 15(a)). The "good cause" standard focuses on the diligence of the party seeking the amendment. *Oravec v. Sunny Isles Luxury Ventures, L.C.,* 527 F.3d 1218 (11th Cir. 2008). A party fails to demonstrate diligence when the facts or claims they seek to add via amendment were already known to them and they could have made a more timely amendment. *Harris v. Reverse Mortg. Sols. Inc.,* 800 F. App'x 708 (11th Cir. 2020) ("The court explained there was no good cause for the delay, as [Plaintiff] admitted to having all the relevant evidence months before attempting to amend"). Thus, the relevant inquiry is not merely whether Plaintiff filed by the Court's deadline, but whether it acted diligently in seeking amendment once the basis for the proposed claims was known.

The underlying facts were known in December 2016: Plaintiff knew the Vessel was sailing to the Dominican Republic, knew the Policy's navigation provisions, received the communications concerning Caribbean navigation, and knew of the grounding. [DE 155]. More significantly, by August 23, 2022, Plaintiff had developed and attempted to litigate the precise navigation-limit warranty theory it now seeks to plead. [DE 75]. Plaintiff possessed the relevant evidence and basis for amendment for multiple years before seeking leave to amend.

Plaintiff also had repeated opportunities to correct the pleading. It proceeded through its Complaint, Amended Complaint, dispositive motions, Final Judgment, reconsideration, and appeal without doing so. [DE 1; DE 10; DE 31; DE 75; DE 124; DE 131; DE 137; DE 144; DE 148; DE 155]. In July 2025, the Eleventh Circuit expressly held that Plaintiff "did not raise a claim based on the navigation-limit warranty until it filed its amended motion for summary judgment," and explained that amendment, not summary judgment, was the proper procedure for asserting that new claim. [DE 155]. Yet, Plaintiff waited another fourteen months before seeking amendment on September 1, 2026, the last day to do so per the post-remand scheduling order. [DE 162; DE 163].

The Eleventh Circuit's decision did not supply Plaintiff with new facts or a new theory; it identified the procedural vehicle Plaintiff should have used when it first attempted to litigate that theory in 2022. Plaintiff cannot show good cause merely because it filed on the final day permitted by the post-remand scheduling order. Where Plaintiff knew the operative facts from the outset roughly ten years ago, advanced the theory in a motion for summary judgment four years ago, and waited fourteen additional months after the Eleventh Circuit identified amendment as the proper procedure until the last possible day to file such an amendment with no good reason for doing so, the record demonstrates delay and not diligence.

Plaintiff could have sought this amendment years earlier and identified nothing newly discovered that prevented it from doing so. Therefore, Plaintiff cannot demonstrate the diligence required to establish good cause, and the motion should be denied.

**B. The Proposed Amendment is Futile**

Futility is an independent basis for denying leave to amend. *Foman v. Davis*, 371 U.S. 178, 182 (1962). An amendment is futile where the amended complaint would fail to state a plausible claim and remain subject to dismissal. *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255 (11th Cir.

2004). Likewise, amendment is futile where the proposed claim would fail at either the motion-to-dismiss or summary-judgment stage. *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007). Plaintiff's proposed claims cannot survive those standards because they seek to relitigate coverage determinations already made in this action. The District Court expressly found that Plaintiff "expanded the coverage to include the Caribbean" and determined that Plaintiff had waived and was estopped from contesting coverage. [DE 124; DE 131]. When Plaintiff sought reconsideration of those coverage determinations, including based upon the timing of the December 2016 communications, the Court denied reconsideration. [DE 137; DE 144]. The Eleventh Circuit thereafter affirmed summary judgment for Defendant on Plaintiff's coverage declaratory-judgment claim. [DE 155]. A new pleading does not provide a legally sufficient basis to obtain a different determination of those same coverage issues.

The proposed allegations confirm the problem. Plaintiff again relies upon the December 28 communications concerning expansion of Caribbean navigation, including JLT's statement that an endorsement would follow and its subsequent internal communication that Underwriters had "just agreed" to include Caribbean waters. [DE 163-1, P.22–27]. Plaintiff nevertheless asks the Court to declare that these circumstances did not amend, waive, or supersede the navigation limitation. [DE 163-1, P.65]. That requested declaration directly conflicts with the Court's prior determinations concerning the expansion of Caribbean coverage, waiver, and estoppel. [DE 124; DE 131]. Recasting that dispute as new declaratory and warranty counts does not make the proposed claims legally sufficient.

The proposed amendment is also deficient as to the sweeping relief it seeks across three distinct occurrences. Plaintiff applies the same navigation-limit theory to the Grounding, Marina, and Towage Incidents, notwithstanding that the Policy expressly permits the Vessel "to tow" and

"to be towed." [DE 163-1]. Rather than pleading a sufficient basis for treating each occurrence as outside coverage, Plaintiff simply concludes that each was defeated by the navigation warranty. Those allegations do not plausibly support the declarations sought and would therefore remain subject to dismissal or summary judgment.

As the proposed amendment repackages coverage issues already decided against Plaintiff and fails to plead a legally sufficient basis for the declarations it seeks, the new claims would remain subject to dismissal or summary judgment and leave to amend should be denied as futile.

**C. Plaintiff Unduly Delayed in Seeking Amendment**

Undue delay is a proper basis to deny leave to amend under Rule 15(a)(2). *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 552 (2010) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Delay is undue where the movant possessed the facts supporting the proposed claim when the action was filed, particularly where amendment is sought only after discovery and dispositive proceedings. *Campbell v. Emory Clinic*, 166 F.3d 1157 (11th Cir. 1999). Courts consider both how long the movant knew of the claim and how long it waited to seek amendment thereafter. *Tolston v. City of Atlanta*, 723 F. Supp. 3d 1263 (N.D. Ga. 2024). Delay is particularly significant where amendment would reopen the pretrial process, *Burger King Corp. v. Weaver*, 169 F.3d 1310 (11th Cir. 1999), increase the complexity of an already complex case, *Tech. Res. Servs. v. Dornier Med. Sys.*, 134 F.3d 1458 (11th Cir. 1998), or where there is no good reason the amendment could not have been sought earlier. *Maynard v. Bd. of Regents*, 342 F.3d 1281, 1287 (11th Cir. 2003). The Eleventh Circuit has found undue delay even where amendment was sought thirty months after the original complaint and before trial. *Jennings v. BIC Corp.*, 181 F.3d 1250 (11th Cir. 1999).

Plaintiff's delay is extraordinary. The facts underlying the proposed navigation-limit claim were known in 2016: Plaintiff knew the Vessel's intended destination, the Policy's navigation

provisions, the communications concerning the voyage, and the circumstances of the grounding. [DE 155]. Yet Plaintiff did not plead the precise claim in either its original Complaint or Amended Complaint. [DE 1; DE 10]. By August 23, 2022, Plaintiff had developed and attempted to litigate the very same theory in its Amended Motion for Summary Judgment. [DE 75]. After losing on summary judgment, Plaintiff sought reconsideration and appealed. [DE 137; DE 148]. On July 3, 2025, the Eleventh Circuit specifically held that Plaintiff had not pleaded the navigation-limit claim and that a new claim should have been asserted through amendment rather than raised for the first time at summary judgment. [DE 155]. Plaintiff nevertheless waited another fourteen months, until September 1, 2026, the last day of the amendment period, to seek leave. [DE 162; DE 163].

The Eleventh Circuit's decision in *Campbell* is particularly instructive. There, the Court affirmed denial of leave where the proposed claims were based on facts available when the complaints were filed, and the motions to amend were filed after discovery had ended, after dispositive motions had been filed, and five to six years after the lawsuits began. *Campbell v. Emory Clinic*, 166 F.3d 1157 (11th Cir. 1999). The parallels here are striking: Plaintiff likewise possessed the relevant facts from the outset, this Motion is filed well after much litigation has occurred and now seeks amendment after discovery and extensive dispositive proceedings, reconsideration, and appeal, between five and six years after filing suit. *Campbell* therefore strongly supports finding Plaintiff's delay undue.

Plaintiff did not discover new facts or a new theory warranting amendment. It knew the facts from the beginning. Plaintiff advanced the theory in 2022 and knew by July 2025 that amendment was the proper procedural vehicle. It nevertheless waited until nearly six years after suit was filed, nearly ten years after the underlying casualty, and after discovery, dispositive

motions, reconsideration, appeal, and multiple mediations. [DE 1; DE 34; DE 75; DE 137; DE 148; DE 159]. Under *Campbell*, *Tolston*, *Burger King*, *Tech. Res. Servs.*, *Maynard*, and *Jennings*, that unexplained delay, coupled with the prospect of reopening an extensively litigated case, constitutes undue delay. Plaintiff had every opportunity to plead this theory years ago; waiting until the final day of the amendment period, after years of litigation and an appeal, warrants denial of leave.

**D. Allowing Amendment Would Unduly Prejudice Defendant**

Prejudice is a proper basis for denying leave to amend. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Eleventh Circuit has recognized that prejudice is inherent where amendment is sought after discovery has closed and dispositive motions have been filed, briefed, and decided. *Campbell v. Emory Clinic*, 166 F.3d 1157 (11th Cir. 1999). Prejudice also exists where an amendment increases the complexity of an already complex case, *Tech. Res. Servs. v. Dornier Med. Sys.*, 134 F.3d 1458 (11th Cir. 1998), introduces a new theory of recovery, *Fisher v. P.R. Marine Mgmt., Inc.*, 940 F.2d 1502 (11th Cir. 1991), or causes unnecessary delay in resolving a case after discovery and summary judgment have concluded. *Trilink Saw Chain, LLC v. Blount, Inc.*, 583 F. Supp. 2d 1293 (N.D. Ga. 2008).

Plaintiff's contention that the amendment concerns the "same Policy, Vessel, voyage, grounding, and December 2016 communications" does not eliminate that prejudice. [DE 163, P.7]. If anything, it confirms that these claims could have been pleaded and litigated years ago. The existence of evidence in the record does not eliminate the additional cost, complexity, preparation, and delay required to defend newly pleaded theories concerning the navigation warranty, waiver and modification, and their application to the Grounding, Marina, and Towage Incidents. [DE 163-1, P.66–67].

Many characteristics of potential prejudice are present here. As in *Campbell*, discovery and dispositive proceedings have already concluded, but this case has proceeded even further, through reconsideration and appeal. [DE 144; DE 155]. As in *Tech. Resource Services*, amendment would substantially increase the complexity of an already complex case: what presently remains after remand is the narrow issue of reasonable repair costs, yet Plaintiff seeks to reintroduce coverage through new navigation-limit warranty and declaratory claims involving the Policy, waiver and modification, December 2016 communications, and three separate casualty events. [DE 131; DE 155; DE 163-1]. As in *Fisher*, Defendant would incur additional expense developing defenses and preparing to litigate newly pleaded theories after years of discovery and litigation. And as in *Trilink*, amendment would unnecessarily delay resolution by redirecting a case otherwise approaching trial from its narrow remaining issue back to a broader coverage dispute already subjected to summary judgment and appeal.

The same considerations that warranted denial of amendment in *Campbell*, *Tech. Resource Services*, *Fisher*, and *Trilink* are present here, and at an even later stage of the litigation. Permitting amendment would substantially increase the cost and complexity of this case and materially delay its resolution, causing undue prejudice to Defendant.

**E. The Circumstances Demonstrate Dilatory Motive**

Bad faith or dilatory motive is an independent basis for denying leave to amend. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Here, the timing and substance of Plaintiff's proposed amendment demonstrate an effort to prolong and expand litigation that has already been narrowed after years of proceedings, rather than to promptly address any newly discovered matter.

The chronology is telling. Plaintiff pleaded and amended its case, pursued summary judgment, and attempted to advance the navigation-limit theory in its August 2022 Amended

Motion for Summary Judgment. [DE 1; DE 10; DE 31; DE 75]. The District Court rejected Plaintiff's coverage position, entered judgment for Defendant, and determined that Plaintiff had waived and was estopped from contesting coverage. [DE 124; DE 131]. Plaintiff sought reconsideration and was denied, then appealed, where the Eleventh Circuit affirmed summary judgment for Defendant on the coverage declaratory-judgment claim and remanded the case on the repair-cost issue. [DE 137; DE 144; DE 155].

Rather than proceed toward resolution of that remaining issue, Plaintiff now seeks to expand the litigation back into coverage by repackaging the navigation-limit theory as new declaratory and warranty claims. [DE 163-1]. Nothing new prompted that expansion. The Eleventh Circuit merely explained the procedure Plaintiff should have followed when it first attempted to assert the theory years earlier. [DE 155]. Even after receiving that decision, Plaintiff waited fourteen months until the final day of the amendment period to seek leave. [DE 163, P.5].

The practical effect of the Motion is therefore not to advance this case toward resolution, but the opposite: it would reopen issues litigated through judgment and appeal, expand the scope of the remanded proceedings, and prolong a nearly six-year-old action that has otherwise been narrowed to repair costs. Against that procedural history, the timing and substance of the proposed amendment support dilatory motive as grounds for denying leave. Rule 15 should not permit Plaintiff, at this late stage, to expand and prolong proceedings by effectively restarting the coverage litigation rather than resolving the limited issue remaining on remand.

## **CONCLUSION**

For the foregoing reasons, Defendant respectfully requests that the Court deny Plaintiff's Motion for Leave to File Second Amended Complaint. Any one of the grounds established above

is independently sufficient to deny leave under Rule 15, and collectively, they demonstrate that amendment at this stage of the litigation is beyond unwarranted.

Dated: September 8, 2026

Respectfully submitted,

MOORE & COMPANY, P.A.
255 Aragon Avenue, Third Floor
Coral Gables, FL 33134
Telephone: (786) 221-0600
*Attorneys for Defendant*

*/s/ Dillon M. Weiss*
Dillon M. Weiss, Esq.
Florida Bar No. 1075706
Kavan Vartak, Esq.
Fla. Bar No. 1017058

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 8, 2026, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will automatically send notice of electronic filing to all counsel of record.

/s/ Dillon M. Weiss
Dillon M. Weiss, Esq.

**SERVICE LIST**

Marlin K. Green, Esq.
Brown Sims
2801 SW 149th Avenue, Suite 120
Miramar, Florida 33027
Telephone: (305) 274-5507
MGreen@brownsims.com
Counsel for Plaintiff